UNITED STATES v. BAIRD.

(District Court, D. New Jersey. March 24, 1897.)

ARREST—STATE AND FEDERAL COURTS—WITNESSES.

A witness coming into the state in obedience to a subpœna from a federal court is not subject to arrest on state criminal process, and, if so arrested, will be released on habeas corpus, and safely conducted from the state by the marshal.

In the matter of the application of John J. Boyle to be discharged from the custody of the sheriff of the county of Camden, under an order and warrant of commitment issued by Jehu Evans, a justice of the peace of said county of Camden, and dated March 18, 1897.

On March 4, 1897, a subpœna was issued by James M. Cassady, a United States commissioner for the district of New Jersey, to John J. Boyle, of the city of Philadelphia, Pa., to appear before the said commissioner at a commissioner's court at Camden, N. J., in the district of New Jersey, on March 18,

1897, to testify on behalf of the United States in the matter of a certain criminal complaint then pending and undetermined before said commissioner, between the United States and Bushrod W. J. Redheffer and Aman A. Redheffer; the same being a complaint made before the said commissioner by a United States postal inspector against the defendants for an alleged violation by them of the criminal laws of the United States concerning postal matters, and which proceedings were instituted by the United States before the said commissioner for the purpose of having the defendants held to await the action of the United States grand jury. The subpœna, which was in due form, was legally served on the said Boyle in the city of Philadelphia, Pa., and in pursuance of the command of said subpœna he attended before the said commissioner, at his court in the city of Camden, N. J., on the 18th day of March aforesaid, having gone from Philadelphia to Camden on said day for that purpose. After testifying before the commissioner in said cause on behalf of the United States, and as he was leaving the commissioner's office, he (the said John J. Boyle) was arrested by a constable of Camden county by virtue of a certain warrant issued by Jehu Evans, a justice of the peace of the county of Camden, N. J., which warrant was issued by said justice upon a complaint made by Bushrod W. J. Redheffer aforesaid, charging the said John J. Boyle, on the 10th day of April, 1896, with having committed perjury in violation of the laws of the state of New Jersey. The constable, after arresting the said Boyle, took him before the justice of the peace who issued the warrant, and who committed the said John J. Boyle, on said 18th day of March, 1897, to the common jail of the county of Camden, N. J., to await the action of the grand jury of the state of New Jersey in and for the county of Camden, N. J., in default of giving bail in the sum of $1,200. Afterwards, on the 22d day of March, the said John J. Boyle presented, by his attorney, Mr. Henry I. Budd, Jr., of the New Jersey bar, a petition for a writ of habeas corpus to the Honorable ANDREW KIRKPATRICK, judge of the United States district court for the district of New Jersey, alleging his arrest as before set forth, and complaining of its illegality. Judge KIRKPATRICK allowed the writ, and the prisoner was produced before him on March 23, 1897, when the matter was turned over to the United States attorney for the district of New Jersey. The cause was continued until March 24th, so that the sheriff of Camden county could properly amend his return to the writ of habeas corpus, and so that the prosecutor of the pleas of Camden county, N. J., representing the state of New Jersey, could attend, if he desired, to oppose the discharge of the prisoner. On March 24th the case was heard by Judge KIRKPATRICK, and was argued on behalf of the United States by J. Kearny Rice, United States attorney for the district of New Jersey, and by Wilson H. Jenkins, the prosecutor of the pleas of Camden county, N. J., for the state of New Jersey. Judge KIRKPATRICK, after the arguments had been concluded, held that the arrest of Boyle by the Camden authorities was illegal, and ordered his discharge from custody, and also directed that the United States marshal for the district of New Jersey safely conduct the said Boyle to the city of Philadelphia, from whence he came to testify on behalf of the United States as aforesaid. Judge KIRKPATRICK held (in which Judge ACHESON, who was sitting in the circuit, concurred) that Boyle, having been subpœnaed by the United States to attend in New Jersey as a witness, and having left Pennsylvania for that purpose, was entitled to protection from arrest by the state authorities of New Jersey for any alleged offense before then charged to have been committed by him. Judge KIRKPATRICK also held that he was entitled to be protected by the United States in returning to Philadelphia after having given his testimony before the United States commissioner in Camden, N. J.

J. Kearny Rice, U. S. Atty.

Wilson Jenkins, for sheriff of Camden county.

Henry I. Budd, Jr., and J. H. Brinton, for John J. Boyle.

KIRKPATRICK, District Judge, after hearing argument, delivered an oral opinion, the substance of which was embodied in the following decree, ordered to be entered in the cause:

This matter having been brought before me, and the return of the said sheriff to the writ of habeas corpus heretofore issued having been made and inspected before me here; and the facts of the case being admitted to be true, as stated in the petition presented to this court by the United States attorney for the district of New Jersey, and by the Honorable Wilson H. Jenkins, prosecutor of the pleas of the county of Camden, N. J., representing the state of New Jersey, and the said David Baird, sheriff of the county of Camden aforesaid; and I having heard the arguments of counsel both for the United States and for the state of New Jersey aforesaid, and having considered the same, and being of the opinion that there is no warrant in the law justifying and authorizing the detention of the said John J. Boyle by the said David Baird, Esq., sheriff of the county of Camden, N. J., under and by virtue of the said warrant of commitment; and there appearing no other cause for the detention of the said John J. Boyle by the said sheriff of the county of Camden aforesaid: It is ordered, and I do direct, that the said John J. Boyle be, and he is hereby, discharged from the custody of the said David Baird, sheriff of the county of Camden, under the said order and warrant of commitment issued by the said Jehu Evans, as such justice of the peace as aforesaid. And it further appearing that at the time of the arrest of the said John J. Boyle under the said warrant issued by the said Jehu Evans, justice of the peace as aforesaid, the said John J. Boyle was attending as a witness, duly summoned on behalf of the United States in a case in which the United States was a party, at a hearing before James M. Cassady, Esq., a commissioner of the United States circuit court for the district of New Jersey, at Camden, N. J., having been previously subpoenaed for that purpose in the city of Philadelphia, in the Eastern district of Pennsylvania, in due form of law: It is further ordered that the said John J. Boyle be safely conducted back to the city of Philadelphia, in the Eastern district of Pennsylvania, from whence he came, and that the marshal of the United States for the district of New Jersey attend so that he shall have safe passage to the place from whence he came.